### 20246

The State, Respondent, v. Lindbergh BREWINGTON, Jr., Appellant.

(226 S. E. (2d) 249)

*Ray P. McClain, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Perry M. Buckner, Staff Atty.,* of Columbia, *and J. DuPre Miller, Sol.,* of Bennettsville, *for Respondent,*

*Ray P. McClain, Esq.,* of Charleston, *for Appellant, in Reply.*

June 21, 1976.

*Per Curiam:*

Appellant was convicted of assault and battery of a high and aggravated nature and received a sentence of ten (10) years, suspended upon service of seven (7) years, with five (5) years probation. He has appealed, charging that he is entitled to a new trial because of alleged erroneous rulings relative to the admissibility of certain testimony of an ac-

complice and of the doctor who treated the victim. In the alternative, he asks that the cause be remanded for sentencing under the Youthful Offender Act. While the issues raised require some comment, the clear lack of any meritorious ground of appeal justifies disposition of the matter without oral argument.

On the trial of the case, one Leon Bethea testified in appellant's behalf. Bethea had previously pled guilty to assault and battery of a high and aggravated nature and had been sentenced in connection with the same incident for which appellant was being tried. It was not disputed that appellant was at the scene with Bethea at the time of the attack in question. The evidence was in conflict as to whether appellant had participated in the assault and the extent of the injuries to the victim. The victim testified that both appellant and Bethea assaulted him. However, Bethea testified that he alone had struck the victim and that, to his knowledge, appellant did not participate in the assault.

During cross-examination of Bethea, the solicitor was permitted, over objection, to elicit the fact that Bethea had previously entered a plea of guilty to assault and battery of a high and aggravated nature in connection with the incident in question and was at that time serving the sentence imposed.

Appellant was indicted for assault and battery with intent to kill, but a directed verdict as to that offense was granted at the close of the State's case, leaving the charge of assault and battery of a high and aggravated nature. The trial judge also submitted the lesser included offense of simple assault and battery.

It is contended that the prior guilty plea of Bethea, the accomplice, was irrelevant to a determination of the guilt of appellant and its admission highly prejudicial since there was a question of the degree of the offense.

Since it is the function of the jury to determine the credibility of witnesses and the weight to be given their testi-

mony, "as a general rule, anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded his testimony," 98 C. J. S. Witnesses § 460; and "on cross-examination, any fact may be elicited which tends to show interest, bias, or partiality" of the witness, 98 C. J. S. Witnesses § 560a.

The testimony showed that Bethea and appellant were present at the time of the assault and, therefore, the extent of participation by each and their relationship became relevant inquiries. As pointed out by the trial judge, Bethea's testimony was for the purpose of exculpating appellant by taking full blame for the assault. Since Bethea was seeking to accept full responsibility, testimony of his previous plea and sentence was properly admitted as it might affect his interest, bias, or motive. Testimony that he had previously pled guilty and had been sentenced might possibly bolster his testimony that he alone committed the crime; or, on the other hand, since he had already been sentenced and had nothing to lose, it could be considered as tempting him to exonerate appellant. The effect to be given the testimony was for the jury to decide.

Appellant next alleges that the trial judge erred in admitting the testimony of Dr. May to the effect that the injuries to the prosecuting witness could "possibly" have been fatal. The prosecuting witness, 84 years of age, was carried to the hospital immediately after he was assaulted. He was seen and treated by Dr. May.

Dr. May testified that the injuries received by the victim caused swelling in the throat, which could have resulted in cutting off the supply of air to the lungs; and that, due to the age and physical condition of the prosecuting witness, such injuries could have been fatal, unless he was given hospital treatment. The victim was accordingly hospitalized.

Appellant contends that the testimony of the doctor, to the effect that the injuries could have *possibly* been fatal,

were insufficient to establish medical causation and was therefore irrelevant.

Appellant misconceives the purpose of the foregoing testimony. It was not offered to show causation but to show the seriousness of the attack on a man 84 years of age.

We have held that an assault and battery may be ■ considered aggravated where there is a great disparity between the ages and physical condition of the parties. *State v. Hollman*, 245 S. C. 362, 140 S. E. (2d) 597.

The questioned testimony was relevant to show that ■ the injuries could have been fatal to the victim who was 84 years of age. This was clearly relevant to show circumstances of aggravation and was properly admitted for that purpose.

Finally, appellant contends that improper standards ■ were used by the trial judge in imposing sentence and that the cause should be remanded for resentencing under the Youthful Offender Act.

The jury in this case returned the following verdict. "Guilty of assault and battery of a high and aggravated nature, but we recommend a light sentence."

The recommendation by the jury of leniency was not binding on the trial judge and there is no contention otherwise.

The contention that appellant should have been sentenced under the Youthful Offender Act is without merit. Appellant was twenty-three (23) years of age at the time of sentence and the sentence imposed constituted an implicit finding that appellant was not a suitable person for sentencing as a youthful offender. *Brown v. State*, 265 S. C. 516, 220 S. E. (2d) 125.

Neither is there merit in the position that the trial ■ ■ judge improperly considered the sentence imposed upon the accomplice in determining the sentence of

appellant. The sentence imposed upon a codefendant for the same offense and upon others for similar offenses are among a wide variety of factors which may be properly considered in determining a proper punishment. *U. S. v. Williams,* 1 Cir., 499 F. (2d) 52.

The sentence imposed on the codefendant or accomplice was only one of the factors considered by the trial judge in imposing sentence upon appellant. In his order denying appellant's motion for resentencing, the trial judge revealed ample basis for his sentence when he stated that he "was impressed that two large and strong young men had made a brutal assault on an 84 year old man in his own home for the purpose of robbery."

The judgment is affirmed.