## 20405

The STATE, Respondent, v. David Allen SMICKLEVICH, Appellant.

(234 S. E. (2d) 230)

412

*Messrs. Archibald G. Marshall* and *Jack T. Flom,* of Myrtle Beach, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker and Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *J. M. Long, Jr., Sol., of Conway, for Respondent,* ▆▆

April 18, 1977.

Per Curiam:

David Allen Smicklevich was tried by a jury and found guilty of possession of heroin with intent to distribute, proscribed by Section 32-1510.49 of the Code of Laws of South Carolina (Cum. Supp. 1975). He was sentenced to five (5) years, suspended upon the service of two (2) years with three (3) years probation.

After the trial, appellant retained present counsel for the purpose of this appeal. He seeks reversal of his conviction based on allegations (1) of lack of probable cause in his warrantless arrest, thus the subsequent search for and seizure

of the heroin from his person was not incident to a lawful arrest, and as such, not admissible at trial; (2) that the trial judge erred in admitting evidence as to the tightness of appellant's pants at the time of arrest; and (3) that a piece of plastic found in appellant's room was improperly admitted into evidence.

The record discloses that appellant's arrest at approximately 10:00 P. M., May 24, 1975 was made as a result of an informant's telephone call about 9:30 P. M. that night. The informant advised Officer Perry, who was at home when he received the call, there was going to be a sale of heroin at Duffy's Tavern to Donnie Robinson and Dianne Bridges (known to the officer) about 10:00 P. M. by a Caucasian male, about six feet two, not real slender but not heavy, with a shaved head. Upon reaching Duffy's, the officer observed appellant, whose description bore out that given him by the informant in every detail, in the company of the two named persons whom the officer also testified that he knew had been previously charged and arrested for drugs.

Smicklevich, Robinson, and Bridges came out of Duffy's together and were arrested. Appellant was searched by Officer Perry. Perry removed a handkerchief from Smicklevich's pocket. In the handkerchief was a clear plastic bag with white powder. When weighed and tested the plastic bag contained .2875 grams or 4.42 grains of heroin, 92% to 95% pure.

Appellant first argues the lack of probable cause for his warrantless arrest, thus the search for and seizure of the heroin from his pocket was not incident to a lawful arrest and therefore not admissible. If the arrest of the appellant were lawful he could properly be searched without a warrant, as incident to the arrest and any evidence thus found on his person could be admitted at trial. *State v. Hamilton*, 251 S. C. 1, 159 S. E. (2d) 607 (1968). In this case no objection was made at trial to the search for and admission of the seized heroin on the ground that appellant's

arrest was unlawful. Since the arrest was not objected to as unlawful this question cannot be raised for the first time on appeal. *State v. Laster,* 261 S. C. 521, 201 S. E. (2d) 241 (1973).

However, assuming proper objection to the arrest, we find this arrest based on probable cause and within the procedures approved in *McCray v. Illinois,* 386 U. S. 300, 87 S. Ct. 1056, 18 L. Ed. (2d) 62 (1967); *Draper v. U. S.,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. (2d) 327 (1959), and that the heroin seized incident to the lawful arrest was admissible. Officer Perry testified he had known the informant for four years and that he had given information at least eight prior times, five of which resulted in convictions with an additional one pending trial.

Appellant further objects to the opinion evidence offered by the State's witness, Officer Fowler, as to appellant's pants being too tight to allow someone to put the heroin in the pants pockets without his knowing it. If error, this was harmless error without probable prejudice, as appellant, wearing the same pants at trial, stood up to enable the jury to see and judge for themselves. See *State v. Homewood,* 241 S. C. 231, 128 S. E. (2d) 98 (1962).

Neither do we find error in the admission of a piece of torn plastic found by an investigative officer as a result of a consent search of a shared locker in appellant's secured quarters at Myrtle Beach Air Force Base. It appeared to be the same type of plastic in which the heroin was wrapped and its torn edges fit the edge of the plastic containing the heroin. The question of admission and/or exclusion of evidence is largely within the discretion of the trial judge and his exercise of such discretion will not be disturbed in the absence of an abuse thereof amounting to an error of law. *State v. Pruitt,* 260 S. C. 396, 196 S. E. (2d) 107 (1973).

Affirmed.