489 S.E.2d 923

**The STATE, Appellant,**

v.

**Patrick MULLINS, Respondent.**

**No. 24686.**

Supreme Court of South Carolina.

Heard Oct. 15, 1996.

Decided Sept. 2, 1997.

Beth Caldwell, Acting Assistant Solicitor for the Fifth Judicial Circuit, Columbia, for appellant.

Jack B. Swerling, Columbia, for respondent.

FINNEY, Chief Justice:

Respondent, Patrick Mullins, was arrested for felony driving under the influence (DUI) after allegedly causing a collision which killed a motorcycle driver. Respondent was taken from the scene of the accident to the hospital. A Highway Patrolman invoked the Implied Consent Statute to obtain a blood sample.[1] Respondent refused to give a blood sample because of his fear of needles. The deputy coroner arrived at the hospital and directed the attending physician to have a blood sample taken. A sample was drawn without respondent's consent. Respondent was subsequently indicted. He filed a motion to suppress evidence of the blood test. A hearing was held and the trial judge issued an order suppressing evidence of the blood test. The State appeals the trial judge's order.

---

1. S.C.Code Ann. § 56–5–2950(a) and (d) (Supp.1993) provides in part that:

> (a) A person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs if arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them .... (d) If a person under arrest refuses, upon the request of a law enforcement officer, to submit to chemical tests as provided in subsection (a) of this section, none may be given....

██ Respondent moved to suppress the blood test evidence pursuant to the Implied Consent Statute. The State opposed the motion asserting the deputy coroner acted within State law in securing a blood sample from respondent to determine if the victim's death was caused by respondent operating a vehicle while under the influence. The State contends the coroner's plenary authority to investigate the cause and manner of death [2] and statutory warrant authority [3] includes the power to obtain a blood sample from a live suspect in a felony DUI case. We disagree.

The plain language of S.C.Code Ann. § 17–7–80 does not authorize the coroner to take blood from a live person to determine the cause and manner of death in a motor vehicle accident. Further, S.C.Code Ann. § 17–7–170 does not authorize the coroner to issue a warrant to search and seize an individual for the purposes of taking blood.

██ The trial court found the Implied Consent Statute is controlling under the facts and circumstances of this case; once respondent refused the blood test, no chemical tests should have been performed. Since the sample was drawn without his consent, the evidence of the test was properly suppressed. Accordingly, the trial judge did not err in concluding the Implied Consent Statute is controlling and evidence of the blood test is inadmissible.

**AFFIRMED.**

MOORE, WALLER and BURNETT, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.

---

**2.** The coroner shall examine the body of any driver and any pedestrian who dies within four hours of a motor vehicle accident and take or cause to have taken by a qualified person such blood or other fluids of the victim as are necessary to a determination of the presence and percentages of alcohol or drugs. S.C.Code Ann. § 17–7–80 (1985). (Emphasis supplied).

**3.** "The coroner may issue warrants, summon witnesses and examine before the jury any person present, whether summoned or not, concerning the death." S.C.Code Ann. § 17–7–170 (1985).