543 S.E.2d 585

**The STATE, Appellant,**

v.

**Jeffrey C. SHELDON, Respondent.**

**No. 3318.**

Court of Appeals of South Carolina.

Heard Feb. 6, 2001.

Decided March 12, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Assistant Attorney General Melody J. Brown, all of Columbia, for appellant.

John A. O'Leary, of O'Leary Associates; and Joseph C. Coleman, both of Columbia, for respondent.

HUFF, Judge:

The Orangeburg County Grand Jury indicted Jeffrey C. Sheldon on two charges of reckless homicide. The State appeals the trial court's pre-trial decision to exclude a report by the South Carolina Highway Patrol's Multi-disciplinary Accident Investigation Team (MAIT). We reverse and remand.

## BACKGROUND

On October 10, 1996, Sheldon, a then on-duty South Carolina State Trooper, was driving his marked patrol vehicle when it collided with a car driven by Rodney Stokes. Stokes and his wife, Wendy, died as a result of the collision. Although state law required the Orangeburg Sheriff's Office, rather than the Highway Patrol, investigate the collision, MAIT assisted in the investigation. S.C.Code Ann. § 56-5-765 (Supp.2000).

Before trial, Sheldon moved to suppress any and all evidence gathered or prepared by MAIT because such evidence was obtained in violation of S.C.Code Ann. § 56-5-765. After a hearing on the motion, the trial court granted Sheldon's motion. The State appeals from that order.

## STANDARD OF REVIEW

The trial court has considerable discretion in ruling on the admissibility of evidence. *State v. Hughey,* 339 S.C. 439, 529 S.E.2d 721 (2000). On appeal, the trial court's ruling will not be disturbed absent a prejudicial abuse of discretion amounting to an error of law. *Id.; State v. Smicklevich,* 268 S.C. 411, 234 S.E.2d 230 (1977).

## DISCUSSION

The State argues the trial court erred in excluding the accident team's report. We agree.

Ordinarily, the State Highway Patrol investigates any collision involving a law enforcement vehicle that results in an injury or death or involves a privately-owned vehicle. § 56-5-765(A). However, such collisions involving a vehicle of the Department of Public Safety, including the Highway Patrol,

must be investigated by the sheriff's office in the county where the collision occurred. § 56–5–765(B). Furthermore, a law enforcement department or agency may not investigate any collision involving an employee of that department or agency if the collision results in injury or death or involves a privately-owned vehicle. § 56–5–765(C).

■ The State asserts MAIT's investigation did not violate § 56–5–765 because it was "not the type of investigation contemplated" by that section. It contends that the sheriff's office remained the investigating agency, while MAIT merely performed technical portions of the investigation, as the sheriff's office had neither the trained personnel nor the equipment to conduct a detailed investigation of the dynamics of the collision. Further, the State maintains the MAIT report takes into account only objective factors which can be measured and replicated and makes no conclusions other than the pre-impact speed of the vehicles.

The statute, however, clearly prohibits the Highway Patrol from investigating accidents involving its employees. § 56–5–765(B), (C). There is no exception to this rule. We find the State's argument that MAIT's investigation into this collision is not an "investigation" under § 56–5–765 unconvincing. While the Orangeburg Sheriff's Office may not have had the necessary resources to perform the speed tests, it should have sought assistance elsewhere. Thus, we agree with the trial court that MAIT's investigation of the collision violated § 56–5–765.

We next consider whether this violation of § 56–5–765 renders the results of the investigation inadmissible. Although § 56–5–765(D) provides for criminal sanctions for a violation of the statute, the statute is silent about the admissibility of evidence resulting from an investigation made in violation of the statute.

■ In the context of the application of the exclusionary rule, our supreme court held the "exclusion of evidence should be limited to violations of constitutional rights and not to statutory violations, at least where the appellant cannot demonstrate prejudice at trial resulting from the failure to follow statutory procedures." *State v. Chandler*, 267 S.C. 138, 226 S.E.2d 553 (1976). We hold evidence obtained in violation of

§ 56–5–765 is not necessarily inadmissible absent a demonstration of prejudice resulting from the violation.

Upon finding a violation of the statute, the trial court suppressed the MAIT report. It did not make any findings on whether Sheldon would be prejudiced by MAIT's investigation of the collision. The trial court, thus, committed an error of law, amounting to an abuse of discretion. We, therefore, reverse the order of the trial court suppressing the MAIT report and remand to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

CONNOR and HOWARD, JJ., concur.