THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCDEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Appellant,
v.
Jonathan Bass, Respondent.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2004-UP-541
Heard October 12, 2004  Filed October 
 26, 2004

REVERSED AND REMANDED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 Thomas E. Pope, of York, for Appellant.
Christopher A. Wellborn, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Jonathan Bass was arrested 
 for driving under the influence.  At a pre-trial hearing, the trial judge suppressed 
 the results of a breath analysis test administered to Bass following his arrest.  
 The State appeals this evidentiary exclusion, arguing the trial judge erred 
 in finding the tests suppression was statutorily mandated.  We reverse and 
 remand.
FACTS
The facts of this case are undisputed.  
 In August 2001, Jonathan Bass was arrested for driving under the influence.  
 Once at the police station, the arresting officer advised Bass of his implied 
 consent rights and offered him a breath test to gauge his breath alcohol concentration.  
 During the statutorily mandated videotaped pre-test waiting period, Bass requested 
 to speak to his attorney.  Since there was no telephone in the breath analysis 
 room, the arresting officer escorted Bass out of the room and off camera to 
 make the phone call.  Bass and the officer returned to the testing room approximately 
 eleven minutes later.  The officer testified he remained in close proximity 
 to Bass the entire time they were off camera and at no time did Bass place a 
 foreign substance or object into his mouth.  At the conclusion of the twenty-minute 
 period (including the time both were absent from the room and off camera), the 
 breath analysis test was conducted on video by the arresting officer.   Bass 
 registered a .23 breath alcohol concentration.   
At a pre-trial hearing, Bass moved to 
 suppress the results of the breath analysis test.  Finding that the arresting 
 officer did not follow the statutory requirements applicable to administering 
 the test, specifically that the test subjects conduct during the twenty-minute 
 waiting period be videotaped, the trial judge found the test results inadmissible.  
 This appeal followed.
STANDARD OF REVIEW
The trial judge has considerable discretion 
 in ruling on the admissibility of evidence.  State v. Sheldon, 344 S.C. 
 340, 342, 543 S.E.2d 585, 585-86 (Ct. App. 2001).  On appeal, the trial courts 
 ruling will not be disturbed absent a prejudicial abuse of discretion amounting 
 to an error of law.  Id.; see also  State v. Smicklevich, 
 268 S.C. 411, 415, 234 S.E.2d 230, 232 (1977).
LAW / ANALYSIS
The State contends South Carolina's 
 implied consent statute does not mandate automatic exclusion of a breath test's 
 results when the pre-test waiting period is not videotaped in its entirety.  
 We agree.
By operating a motor vehicle in this state, 
 one automatically consents to searches of his breath, blood, and urine for the 
 presence of alcohol or drugs if arrested for an offense arising from the alleged 
 influence of such while driving.  S.C. Code Ann. § 56-5-2950(a) (Supp. 2003).  
 This implied consent to be searched is circumscribed by several restrictions 
 and safeguards incorporated into the framework of the implied consent statute.  
 For instance, one may still refuse to take the tests at the sufferance of a 
 penalty (suspension of his driving privileges for at least ninety days), and 
 must be advised of this right of refusal before any test is given.  S.C. Code 
 Ann. § 56-5-2950(a)(1) (Supp. 2003).  One may also request an additional independent 
 test performed by a person of his own choosing and has a right to affirmative 
 assistance from the police in obtaining such a test.  S.C. Code Ann. § 56-5-2950(a) 
 (Supp. 2003).  The authorities must also offer a person suspected of driving 
 under the influence the least intrusive of the three tests, a breath analysis 
 test, before further tests are ordered (unless a breath test is medically unfeasible 
 or there is reasonable grounds to suspect drug use other than alcohol).  Id.  

In addition to these statutory rights, 
 the implied consent statute requires that a twenty-minute pre-test waiting period 
 be videotaped pursuant to Section 56-5-2953(A)(2)(d) when the arresting officer 
 is administering a breath test.  S.C. Code Ann. § 56-5-2950(a) (Supp. 2003).  
 Section 56-5-2953(A)(2) reads: 

[t]he videotaping at the breath site: . . . (d) must . . . 
 include the persons conduct during the required twenty-minute pre-test waiting 
 period, unless the officer submits a sworn affidavit certifying that it was 
 physically impossible to videotape this waiting period.  However, if the 
 arresting officer administers the breath test, the persons conduct during the 
 twenty-minute pre-test waiting period must be videotaped.

S.C. Code Ann. § 56-5-2953(A)(2) (Supp. 2003) (emphasis 
 added).  Because the arresting officer performed the breath test on Bass, the 
 videotaping of the pre-test waiting period was clearly required by the implied 
 consent statute in the case at bar.  By failing to videotape the entire twenty 
 minutes, the officer violated a mandate of the implied consent statute.    
Having concluded that the officers administration 
 of the breath test violated section 56-5-2950, we next consider whether this 
 violation automatically renders the test results inadmissible.  We conclude 
 that it does not.
The failure of law enforcement to strictly 
 adhere to certain testing guidelines found in the implied consent statute often 
 results in the suppression of the test results at trial.  See e.g. 
 State v. Mullins, 331 S.C. 501, 503, 489 S.E.2d 923, 924 (1997); State 
 v. Pipkin, 294 S.C. 336, 338, 364 S.E.2d 464, 465 (1988); State v. Kimbrell, 
 326 S.C. 344, 349, 481 S.E.2d 456, 459 (Ct. App. 1997).  However, a violation 
 of the implied consent statute does not make suppression of the test results 
 a foregone conclusion.  See State v. Hunley, 349 S.C. 1, 6, 562 
 S.E.2d 472, 474 (2002) (finding the trial court erred in automatically suppressing 
 a breath tests results when no prejudice to the defendant was shown as a result 
 of the implied consent statutes violation).  It is well established that exclusion 
 of evidence should be limited to violations of constitutional rights and not 
 to statutory violations, at least where the appellant cannot demonstrate prejudice 
 at trial resulting from the failure to follow statutory procedure.  State 
 v. Chandler, 267 S.C. 138, 143, 226 S.E.2d 553, 555 (1976).  
In the case before us, the trial court 
 found that the failure to videotape the entire twenty-minute waiting period 
 automatically mandated the suppression of the breath test.  The trial court 
 reached this conclusion without any findings on whether Bass was prejudiced 
 by the statutory violation.  When a trial court suppresses evidence based on 
 a statutory violation without making any findings on whether the violation prejudiced 
 the moving party, it has made an error of law. The proper action for this court, 
 therefore, is to reverse the suppression order and remand to the trial court 
 for the purpose of making such findings.  Sheldon, 344 S.C. at 343-44, 
 543 S.E.2d at 586.
 REVERSED AND REMANDED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., 
 concur.