659 S.E.2d 499

**The STATE, Respondent**

v.

**Hoss HICKS, Appellant.**

**No. 4360.**

Court of Appeals of South Carolina.

Submitted March 3, 2008.

Decided March 18, 2008.

Appellate Defender Kathrine H. Hudgins, S.C. Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, and Senior Assistant Attorney General Norman Mark Rapoport, Office of the Attorney General, of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

HEARN, C.J.:

Hoss Hicks appeals the circuit court's decision to grant the State's motion to reconsider his sentence, specifically asserting that good cause was not shown to require him to register as a sex offender. We disagree and affirm.

## FACTS

Hicks was indicted for criminal sexual conduct with a minor (Victim). At trial, Hicks pled guilty to the lesser offense of assault and battery of a high and aggravated nature(ABHAN), although he admitted to having had sex with the fourteen-year-old Victim. During sentencing, both parties were invited to make statements to the court, and defense counsel indicated that he didn't think Hicks knew where Victim lived. Ultimately, Hicks was sentenced to ten years imprisonment, suspended upon time served with five years probation. Although the State had requested it as an additional condition to his sentence, Hicks was not required to register as a sex offender. However, the circuit court did include as a condition of his probation, that Hicks not live within five miles of Victim's family and have no contact with the family or Victim.

The following day, the State moved to reconsider the sentence, arguing Victim's father was not able to attend the plea and wished to be heard by the court. In addition, the State sought to clarify defense counsel's assertion that Hicks did not know where Victim lived. Upon reconsideration, the court declined to increase Hicks' sentence, but ordered Hicks to register as a sex offender. This appeal followed.

## STANDARD OF REVIEW

"On appeal, the trial court's ruling will not be disturbed absent a prejudicial abuse of discretion amounting to an error of law." *State v. Sheldon,* 344 S.C. 340, 342, 543 S.E.2d 585, 585–586 (Ct.App.2001). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when

grounded in factual conclusions, is without evidentiary support." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).

## LAW/ANALYSIS

■ Hicks argues the circuit court abused its discretion in reconsidering its sentence. We disagree.

■ The authority to change a sentence rests exclusively with the sentencing judge and is within his or her discretion. *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981). A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed. *Wasman v. United States*, 468 U.S. 559, 563, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). Here, the State made a timely motion to reconsider based upon additional information which Victim's father, who was not present at the original sentencing, could provide, as well as to clarify alleged misstatements made by Hicks' counsel during sentencing. We find the circuit court acted within its authority in hearing the motion to reconsider Hicks' sentence.

■ Hicks also maintains the circuit court abused its discretion in ordering him to register as a sex offender. We disagree.

Section 23–3–430 of the South Carolina Code (2007) provides the instances in which it is appropriate for a court to order a person to register as a sex offender. Although ABHAN, the crime to which Hicks pled guilty, is not included in the list, Section D provides that:

[U]pon conviction, adjudication of delinquency, guilty plea, or plea of nolo contendere of a person of an offense not listed in this article, the presiding judge may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the solicitor.

S.C.Code Ann. § 23–3–430(D) (2007).

Hicks contends the State failed to show "good cause" sufficient to require him to register as a sex offender. As noted earlier, although he pled to ABHAN, Hicks admitted at the plea hearing to having sex with the fourteen-year-old Victim.

In the reconsideration hearing, the court heard from Victim's father that, contrary to defense counsel's statement during the initial sentencing, Hicks did indeed know where Victim lived; Hicks lived within a half mile of Victim's house. Describing the nature of Hicks' behavior, Victim's father stated Hicks had been by Victim's house on numerous occasions, both before and after the ABHAN. During the course of several of these occurrences, Hicks made gestures towards Victim's father that could be interpreted as confrontational or predatory.

The court also heard from Victim's mother a second time, but she was limited to providing information she had not given during the initial sentencing. She confirmed Victim's father's statement that, not only did Hicks know where Victim lived, but that it was her understanding from Victim that Hicks had actually been in Victim's house on two occasions. This new information combined with the previous statements Victim's mother made regarding the many girls, similar in age to Victim, who lived in the same neighborhood within a half mile of Hicks, supports the circuit court's finding that good cause was shown.

Accordingly, the decision of the circuit court is
**AFFIRMED**[1].

PIEPER, J., and GOOLSBY, A.J., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.