**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Edward Fritz, Appellant.

Appellate Case No. 2014-000303

---

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-285
Submitted May 1, 2015 – Filed June 17, 2015

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008)

(stating a plea court "is to be accorded very wide discretion . . . and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant"); S.C. Code Ann. § 16-3-1515(E) (2003) (setting forth the notice requirement for a victim who wishes to give an oral victim impact statement); S.C. Code Ann. § 16-3-1510(1) (2003) (defining "victim" as "any individual who suffers direct or threatened . . . harm as the result of the commission or attempted commission of a criminal offense").[1]

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] Because Fritz objected to the victim's standing to give a statement at the hearing and to the plea court's consideration of the victim's testimony in sentencing, the State's argument that this issue is not preserved lacks merit. *See State v. Lopez*, 352 S.C. 373, 378, 574 S.E.2d 210, 213 (Ct. App. 2002) (holding that for an objection to be preserved for appellate review, it must be timely raised and ruled upon by the plea court).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.