**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Bryson Munn, Appellant.

Appellate Case No. 2016-000044

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-394
Submitted September 1, 2017 – Filed October 18, 2017

**AFFIRMED**

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Brewington*, 267 S.C. 97, 103, 226 S.E.2d 249, 251 (1976) ("The sentence imposed upon a codefendant for the same offense and upon others for similar offenses are among a wide variety of factors which may be properly considered in determining a proper punishment."); *State v. Charping*, 333 S.C. 124, 131, 508 S.E.2d 851, 855 (1998) ("*Brewington* does not stand for the proposition that trial courts are **required** to consider the sentences [imposed upon] codefendants [and others for similar offenses]."); *State v. Fletcher*, 322 S.C. 256, 260, 471 S.E.2d 702, 704 (Ct. App. 1996) ("In a criminal prosecution, . . . punishment of the offender is recognized as a proper motivation for a sentencing trial [court] . . . ."); *State v. Connally*, 227 S.C. 507, 510, 88 S.E.2d 591, 593 (1955) ([An appellate court] has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute, unless . . . the sentence is the result of partiality, prejudice, oppression, or corrupt motive.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.