**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Arthur M. Field, Respondent.

Appellate Case No. 2015-000210

———————

Appeal From State Grand Jury
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-455
Submitted October 1, 2017 – Filed December 6, 2017
Withdrawn, Substituted and Refiled April 4, 2018

———————

**AFFIRMED**

———————

Attorney General Alan McCrory Wilson, Assistant
Deputy Attorney General Samuel Creighton Waters, and
Assistant Attorney General Brian T. Petrano, all of
Columbia, for Appellant.

James Todd Rutherford, of The Rutherford Law Firm,
LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** The State appeals the denial of its motion to reconsider Arthur M. Field's sentence, arguing Field improperly received credit for pretrial time during which he was neither incarcerated nor on home confinement. We affirm.

In its order denying the State's motion to reconsider Field's sentence, the circuit court stated it agreed with the State's contentions that Field should have received credit for only one hundred forty-six days rather than the fifteen months that the South Carolina Department of Corrections (SCDC) determined should be credited against his active sentence. The circuit court further observed the State "correctly believ[ed] that SCDC's calculation and quick turnaround was inconsistent with this [c]ourt's intent as to active sentence." The circuit court "elected to reduce the . . . sentence [imposed on Field's codefendant] by a companion order to achieve more equality of sentence." We hold the circuit court, in adjusting the sentence it imposed on Field's codefendant so that the active sentences for both defendants were similar, acted within its discretion. *See State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("We hold the authority to change a sentence rests solely and exclusively in the hands of the sentencing judge within the exercise of his discretion."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.