**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brittany Emoesha Epps, Appellant.

Appellate Case No. 2016-001806

---

Appeal From Williamsburg County
Howard P. King, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-415
Submitted September 1, 2018 – Filed November 7, 2018

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody Jane Brown, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

---

**PER CURIAM:**  Brittany Epps appeals her convictions and sentences for the murder of Joseph Brown and possession of a firearm during the commission of a violent crime, arguing the trial court erred in not permitting her to impeach two witnesses concerning their pending charges.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Epps's attempted impeachment of State's witness Mark Hatten: *In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) ("A constitutional claim must be raised and ruled upon to be preserved for appellate review."); *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Dickerson*, 341 S.C. 391, 400, 535 S.E.2d 119, 123 (2000) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) ("[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case.").

2.  As to Epps's impeachment of her own witness Theodore McKnight: *McCracken*, 346 S.C. at 92, 551 S.E.2d at 238 ("A constitutional claim must be raised and ruled upon to be preserved for appellate review."); *Douglas*, 369 S.C. at 429, 632 S.E.2d at 847-48 ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); Rule 609(a), SCRE (allowing the credibility of a witness, other than an accused, to be attacked by evidence that the witness has been convicted of a crime); Rule 608(b), SCRE ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, . . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on *cross-examination* of the witness . . . ."  (emphasis added)); *Small v. State*, 422 S.C. 174, 182-83, 810 S.E.2d 836, 840 (2018) ("[A]nything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded his testimony . . . ." (quoting *State v. Brewington*, 267 S.C. 97, 101, 226 S.E.2d 249, 250 (1976))); *State v. Burgess*, 408 S.C. 421, 442, 759 S.E.2d 407, 418 (2014) (upholding the trial court's decision to prohibit a defendant from cross-

examining a police officer about the officer's personnel records and further stating there was no abuse of discretion because the defendant "failed to offer evidence that [the officer] lacked credibility due to bias against [the defendant]").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.