**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marcus Channing Johnson, Appellant.

Appellate Case No. 2017-000293

———————————

Appeal From Pickens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-437
Submitted October 1, 2018 – Filed December 5, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."); *id.* at 324, 659 S.E.2d at 500 ("On appeal, the trial court's ruling will not be disturbed absent a prejudicial abuse of discretion amounting to an error of law."); *Garrett v. State*, 320 S.C. 353, 356, 465 S.E.2d 349, 350 (1995) ("A sentence is not excessive if it is within statutory limitations and there are no facts supporting an allegation of prejudice against [the defendant]."); S.C. Code Ann. § 16-3-20(A) (2015) ("A person who is convicted of or pleads guilty to murder must be punished by death, or by a mandatory minimum term of imprisonment for thirty years to life."); *State v. Harrison*, 402 S.C. 288, 299-300, 741 S.E.2d 727, 733 (2013) ("[I]n analyzing proportionality under the Eight[h] Amendment outside the capital context, South Carolina courts shall first determine whether a comparison between the sentence and the crime committed gives rise to an inference of gross disproportionality."); *State v. Pittman*, 373 S.C. 527, 565, 647 S.E.2d 144, 164 (2007) ("To establish that evolving standards of decency preclude his punishment, [Appellant] bears the 'heavy burden[]' of showing that our culture and laws emphatically and well nigh universally reject it." (first alteration by court) (quoting *Harris v. Wright*, 93 F.3d 581, 583 (9th Cir. 1996))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.