**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Robert Shewtzuk, Appellant.

Appellate Case No. 2016-001957

---

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-039
Submitted January 1, 2020 – Filed February 12, 2020

---

**AFFIRMED**

---

Appellant Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffery Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

---

**PER CURIAM:** Thomas Robert Shewtzuk appeals his conviction and sentence for murder. On appeal, Shewtzuk argues the circuit court erred by denying his request for a continuance or a bifurcation of the sentencing proceeding before he was sentenced to life imprisonment without the possibility of parole without the benefit of an individualized sentencing hearing. Shewtzuk also argues the circuit court erred by admitting DNA evidence because the State failed to prove the chain of custody. We affirm.

1. We hold the circuit court did not err in denying the motion for a continuance or a bifurcation of the sentencing proceeding before imposing a sentence of life imprisonment without the possibility of parole without conducting an individualized sentencing hearing. *See State v. Smith*, 387 S.C. 619, 622, 693 S.E.2d 415, 417 (Ct. App. 2010) ("The [circuit] court's decision to deny a motion for continuance is a matter within the [circuit] court's discretion."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."). Here, the circuit court did not abuse its discretion when it denied the continuance and did not conduct an individualized sentencing hearing because Shewtzuk was eighteen-years-old and not entitled to such a hearing. *See* S.C. Code Ann. § 63-19-20 (1) (Supp. 2019) ("'Child' or 'juvenile' means a person less than eighteen years of age."); *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders"); *Aiken v. Byars*, 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014) ("*Miller* requires that before a life without parole sentence is imposed upon a juvenile offender, he must receive an individualized hearing where the mitigating hallmark features of youth are fully explored.").

2. We hold the circuit court did not err in admitting the DNA evidence because the chain of custody was established by the testimony of the witnesses. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the [circuit] court and will not be reversed absent an abuse of discretion."); *State v. Hatcher*, 392 S.C. 86, 94, 708 S.E.2d 750, 754 (2011) ("Courts have abandoned inflexible rules regarding the chain of custody and the admissibility of evidence in favor of a rule granting discretion to the [circuit] courts."); *id.* at 94-95, 708 S.E.2d at 754-55 ("The [circuit court's] exercise of discretion must be reviewed in the light of the following factors: '. . . the nature of the article, the circumstances surrounding the preservation and

custody of it, and the likelihood of intermeddlers tampering with it.'" (quoting *United States v. De Larosa*, 450 F.2d 1057, 1068 (3rd Cir. 1971))); *State v. Joseph*, 328 S.C. 352, 364, 491 S.E.2d 275, 281 (Ct. App. 1997) ("While the proof of chain of custody need not negate all possibility of tampering, it must establish a complete chain of evidence *as far as practicable*.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.