**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Colette Collins, Appellant.

Appellate Case No. 2018-000449

Appeal From Beaufort County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2020-UP-326
Submitted November 2, 2020 – Filed December 2, 2020

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

**PER CURIAM:** Colette Collins appeals her conviction for accessory after the fact to murder and her sentence of fifteen years' imprisonment. On appeal, Collins argues the circuit court erred in allowing into evidence a recording of a

conversation she had with her husband, Sam Collins. She argues the recording was irrelevant, its probative value was outweighed by unfair prejudice, and it provided improper character and impeachment evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dickerson*, 395 S.C. 101, 118 n.5, 716 S.E.2d 895, 905 n.5 (2011) ("The elements of accessory after the fact are that the felony has been completed, the accused had knowledge that the principal felon committed the felony, and the accused harbored or assisted the principal."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided . . . ."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Gray*, 408 S.C. 601, 608, 759 S.E.2d 160, 164 (Ct. App. 2014) (stating this court will not reverse the trial court's decision regarding a Rule 403 objection absent an abuse of discretion); *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) (finding the admission of improper evidence is harmless where the evidence is merely cumulative to other evidence); Rule 613(b), SCRE ("If a witness does not admit that he has made [a] prior inconsistent statement, extrinsic evidence of such statement is admissible."); Rule 608(a), SCRE (permitting the "credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation," subject to certain exceptions); Rule 608(c), SCRE (allowing the admittance of evidence of bias to impeach a witness); *State v. Jones*, 343 S.C. 562, 570, 541 S.E.2d 813, 817 (2001) (discussing Rule 608(c) and stating, "[t]his subsection of Rule 608 preserves South Carolina precedent holding that generally, 'anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded his testimony'" (quoting *State v. Brewington*, 267 S.C. 97, 101, 226 S.E.2d 249, 250 (1976))); *State v. McEachern*, 399 S.C. 125, 136, 731 S.E.2d 604, 609 (Ct. App. 2012) ("The admission or exclusion of evidence falls within the sound discretion of the [circuit] court and will not be disturbed on appeal absent an abuse of that discretion.").

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.