**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Raheem Oquendal Grant, Appellant.

Appellate Case No. 2023-000418

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2025-UP-237
Submitted June 1, 2025 – Filed July 16, 2025

**AFFIRMED**

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Raheem Oquendal Grant appeals his conviction and sentence of six years' imprisonment for carjacking. On appeal, Grant argues the trial court erred by admitting a portion of a recorded jail phone call between Grant and his

sister because the call was not relevant under Rule 401 of the South Carolina Rules of Evidence since it did not impeach or contradict Grant's testimony and the call's probative value was substantially outweighed by the danger of unfair prejudice under Rule 403 of the South Carolina Rules of Evidence.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the recorded phone call because it contradicted Grant's trial testimony and its probative value was not substantially outweighed by the danger of unfair prejudice.  *See State v. King*, 422 S.C. 47, 54, 810 S.E.2d 18, 22 (2017) ("An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law."); Rule 401, SCRE (defining relevant evidence as any evidence having a tendency to make the existence of any consequential fact more or less probable); *State v. Hawes*, 423 S.C. 118, 135, 813 S.E.2d 513, 522 (Ct. App. 2018) ("When an accused takes the stand, he becomes subject to impeachment, like any other witness."); *State v. Brewington*, 267 S.C. 97, 100-01, 226 S.E.2d 249, 250 (1976) (explaining the jury's function is to "determine the credibility of witnesses and the weight to be given their testimony" and anything having a tendency to illuminate "the accuracy, truthfulness, and sincerity of a witness" may be shown); *State v. Jackson*, 364 S.C. 329, 336, 613 S.E.2d 374, 377 (2005) ("When a party introduces evidence about a particular matter, the other party is entitled to explain it or rebut it, even if the latter evidence would have been incompetent or irrelevant had it been offered initially."); *State v. White*, 437 S.C. 490, 496, 879 S.E.2d 21, 24 (Ct. App. 2022) (holding circumstantial evidence with high probative value may be admitted when it provides the jury with multiple avenues of interpretation and the parties are able to argue their own inferences and rationalizations deduced from the evidence to the jury); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Cheeseboro*, 346 S.C. 526, 547, 552 S.E.2d 300, 311 (2001) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one."); *State v. Sherard,* 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991) (holding courts will not set aside convictions due to insubstantial errors not affecting the result); *State v. Bailey,* 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (providing an error is harmless where "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**