666 S.E.2d 224

**Rodney L. ZURCHER, Appellant,**

v.

**Richard J. BILTON, individually and as agent and servant of Woody Bilton Ford, Inc., and Woody Bilton Ford, Inc., Respondents.**

No. 26531.

Supreme Court of South Carolina.

Heard April 16, 2008.
Decided Aug. 11, 2008.

133

Timothy A. Domin and Michael B. McCall II, both of Clawson & Staubes, of Charleston, for Appellant.

E. Warren Moïse, of Grimball & Cabaniss, of Charleston, for Respondents.

Chief Justice TOAL:

Appellant initiated a civil action against Respondents alleging various torts arising out of a physical altercation between the parties. The trial court granted Respondents' motion for summary judgment as to each claim on the grounds that Appellant's *Alford* plea in a previous criminal proceeding collaterally estopped Appellant from litigating a civil claim based on the same facts as the criminal conviction. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In June 2004, Appellant Rodney Zurcher ("Zurcher") approached Respondent Joey Bilton ("Bilton") in Bilton's office at the Woody Bilton Ford dealership to request a referral fee for recruiting a customer who had recently purchased a vehicle from the dealership. When Bilton refused to pay the fee, a physical altercation ensued which ultimately involved two female employees of the dealership who came to assist Bilton. Zurcher and Bilton immediately reported the incident to the local police department, each claiming that the other was the aggressor.

The solicitor charged Zurcher with three counts of simple assault and battery against Bilton and the two female employees. Subsequently, Zurcher filed a civil suit against Bilton and Woody Bilton Ford, Inc. (collectively, "Respondents") alleging assault and battery, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress. Respondents counterclaimed alleging assault and battery. Each party denied liability for the other's claims and further claimed self-defense.

The criminal charges against Zurcher went before the magistrates court in February 2006. Considering the presence of Bilton, the two female employees, and one additional witness to testify against him, and the "significant likelihood of being convicted on all three counts," Zurcher entered a guilty plea under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) on a single count of simple assault and battery in exchange for the dismissal of his remaining two assault and battery claims. The magistrate assessed the maximum fine, but did not impose a sentence.

Following Zurcher's criminal proceeding in magistrates court, Respondents filed a motion for summary judgment in the civil action. The trial court granted the motion for summary judgment as to all of Zurcher's claims against Respondents and granted partial summary judgment as to Respondents' claims against Zurcher, leaving only the issues of proximate cause and damages. Specifically, the trial court ruled that Zurcher's previous *Alford* plea to simple assault and battery at the criminal proceeding collaterally estopped Zurcher from litigating the claims and counterclaim asserted at the

subsequent civil proceeding, all of which hinged on whether Zurcher physically assaulted Bilton. This appeal followed.

The case was certified to this Court from the court of appeals pursuant to Rule 204(b), SCACR, and Zurcher raises the following issue for review:

Did the trial court err in holding that a defendant who enters an *Alford* plea in a criminal proceeding is collaterally estopped from litigating the issue in a subsequent civil action based on the same facts underlying the plea?

## STANDARD OF REVIEW

An appellate court reviews the grant of summary judgment under the same standard applied by the trial court. *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005). Summary judgment is appropriate where there are no genuine issues of material fact and it is clear that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 355, 650 S.E.2d 68, 70 (2007).

## LAW/ANALYSIS

Zurcher argues that the trial court erred in holding that the entry of an *Alford* plea at a criminal proceeding collaterally estops a defendant from litigating the issue in a subsequent civil action based on the same facts underlying the plea. We disagree.

Under the doctrine of collateral estoppel, also known as issue preclusion, when an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim. *S.C. Prop. and Cas. Ins. Guar. Assoc. v. Wal–Mart Stores, Inc.*, 304 S.C. 210, 213, 403 S.E.2d 625, 627 (1991). The doctrine may not be invoked unless the precluded party has had a full and fair opportunity to litigate the issue in the first action. *See id.* This Court recently extended the doctrine of collateral estoppel by adopting the rule that "once

a person has been criminally convicted, the person is bound by that adjudication in a subsequent civil proceeding based on the same facts underlying the criminal conviction." *Doe v. Doe,* 346 S.C. 145, 148, 551 S.E.2d 257, 258 (2001).

 We find no legal or practical justification for excluding guilty pleas from the ambit of the doctrine of collateral estoppel. Although the defendant who enters a guilty plea has chosen a legal strategy which avoids a trial while the defendant who is adjudicated guilty has opted to take his chances at a contested trial, both are means to the same legal end: the imposition of the punishment prescribed by law. *See Sanders v. Leeke,* 254 S.C. 444, 447, 175 S.E.2d 796, 797 (1970) ("A plea of guilty is a confession of guilt, made in a formal manner and has the same effect in law as a verdict of guilty . . . ."). For this reason, so long as a defendant has entered a guilty plea freely and voluntarily,[1] an admission of guilt fully and fairly litigates the matter in the same manner as a contested trial in which a defendant is adjudicated guilty. Accordingly, we hold that a defendant who enters a guilty plea may be collaterally estopped from litigating the same issue in a subsequent civil suit.

An *Alford* plea is not distinguishable from a standard guilty plea in this regard. An *Alford* plea—a guilty plea accompanied by an assertion of innocence—was held to be a constitutional admission of guilt in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The *Alford* court reasoned that so long as a factual basis exists for a plea, the Constitution does not bar sentencing a defendant who makes a calculated choice to accept a beneficial plea arrangement rather than face overwhelming evidence of guilt. 400 U.S. at 38, 91 S.Ct. 160.[2] Under this same reasoning, we find that the

---

1. *See Gaines v. State,* 335 S.C. 376, 380, 517 S.E.2d 439, 441 (1999) (stating the constitutional standard governing the entry of guilty pleas).

2. In its analysis, the *Alford* court compared guilty pleas accompanied by an assertion of innocence with *nolo contendere* pleas, in which a defendant does not expressly admit guilt, yet waives the right to a trial and authorizes the court to treat him as guilty. *See* 400 U.S. at 35–37, 91 S.Ct. 160. We reiterate that the significance of *Alford* lies in the determination that the *Alford* class of guilty pleas is constitutionally valid. To this end, the *Alford* court's analogy is only intended to show that an *Alford* guilty plea is the constitutional equivalent of a *nolo* plea.

defendant must likewise accept the collateral consequences of that decision. Therefore, we hold that the entry of an *Alford* plea at a criminal proceeding has the same preclusive effect as a standard guilty plea.

Applying this to the instant case, we find the trial court correctly determined that Zurcher was estopped from denying liability for the assault in the subsequent civil action. Zurcher had a full and fair opportunity to litigate the criminal assault and battery charge at the trial before the magistrate, and the testimony of the three witnesses against him who were present during the altercation clearly provided a sufficient factual basis for Zurcher's plea. Furthermore, as the trial court observed, Zurcher claimed no difficulties in procuring witnesses and no procedural limitations affecting his opportunity to litigate. That he deemed a plea of guilty to be the more appealing alternative at the criminal proceeding does not diminish the voluntariness of Zurcher's plea under the circumstances. Acting on the advice of competent counsel, Zurcher simply reasoned that the evidence weighed heavily against him and that he preferred to pay a fine for one charge of simple assault and battery rather than risk the imposition of three consecutive thirty-day sentences for three charges of assault and battery. Accordingly, we hold that Zurcher is bound by

---

The comparison in no way suggests that *Alford* pleas are the equivalent of *nolo* pleas for all practical purposes, particularly with respect to evidentiary standards which prohibit using *nolo* pleas as substantive evidence of guilt in a subsequent proceeding. *See* Rule 410(2), SCRE.

Our rules of evidence also distinguish *nolo contendere* pleas from *Alford* pleas in some circumstances. *See* Rule 609, SCRE (permitting prior convictions to be used for impeachment purposes and that for purposes of the rule, "a conviction includes a conviction resulting from a trial or any type of plea, including a plea of nolo contendere or a plea pursuant to *North Carolina v. Alford* "). In light of this distinction, had the policy underlying the rules been to give *Alford* pleas the same non-preclusive effect on collateral review as *nolo* pleas, the drafters could have specified such in the rules governing the admissibility of prior convictions. *See* Rule 410, SCRE (providing that a *nolo* plea is inadmissible in any civil or criminal proceeding); *and* Rule 803(22), SCRE (excluding *nolo* pleas from the hearsay exception for judgments of previous convictions after a trial or upon a plea of guilty).

For these reasons, we find that any perceived similarity between *Alford* pleas and *nolo* pleas is irrelevant to the Court's determination in this case.

his *Alford* plea and is precluded from denying liability in the subsequent civil action with Bilton.[3]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision holding that a party who has pleaded guilty under *Alford* in a previous criminal proceeding is collaterally estopped from litigating the issue in a subsequent civil action based on the same facts underlying the plea.

MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

**3.** Only guilty pleas to "a crime punishable by death or imprisonment in excess of one year" are admissible under the hearsay exception found in Rule 803(22), SCRE. Therefore, it appears that Zurcher's guilty plea to simple assault and battery, a misdemeanor carrying a $500 fine or 30 days imprisonment, *see* S.C.Code Ann. §§ 22–3–540, –560 (2007), was inadmissible hearsay evidence in the first instance. Because Zurcher neither objected at trial nor appealed the issue on grounds of hearsay, this Court need not address the matter. We also note that Zurcher could have pleaded *nolo contendere* and altogether avoided this appeal as *nolo* pleas are permitted only for misdemeanor charges, S.C.Code Ann. § 17–23–40 (2003), and are inadmissible in any civil or criminal proceeding, Rule 410, SCRE, except for impeachment purposes, Rule 610, SCRE.