671 S.E.2d 604

**ROSS MARINE, LLC, Arthur R. Swygert, Jr., Kathy Speights and Swygert Shipyards, Inc., Appellants,**

v.

**QUERY, SAUTTER, & GLISERMAN, LLC, Respondent.**

No. 26578.

Supreme Court of South Carolina.

Heard Nov. 6, 2008.
Decided Jan. 12, 2009.

William A. Scott, of Pedersen & Scott, of Charleston, for Appellants.

Michael W. Sautter, of Query, Sautter, Gliserman & Price, of Charleston, for Respondent.

Justice PLEICONES:

This is an appeal from an order finding no evidence of a conflict of interest. We affirm pursuant to Rule 220(c), SCACR, on the ground relitigation of the alleged conflict is barred by the doctrine of collateral estoppel. *See Zurcher v. Bilton,* 379 S.C. 132, 666 S.E.2d 224 (2008).

## FACTS

Attorney Query has represented David Browder since approximately 1984. In 1993, Browder went to work for appellant Ross Marine.[1] Browder recommended attorney Query to Ross Marine, and over the next seven years Query and attorney Gliserman represented Ross Marine in several legal matters. Browder, who was employed by Ross Marine as managing sales representative, was the primary contact between Ross Marine and the attorneys regarding these legal matters: most of the suits were collection actions brought by Ross Marine, although Query defended Ross Marine in a negligence action, and brought a products liability suit on its behalf.

In September 2000 Ross Marine terminated Browder's employment. Attorneys Query and Gliserman formed an LLC (Firm) with attorney Sautter in 2002, and the Firm undertook to represent Browder in a Worker's Compensation proceed-

---

1. We will refer to the appellants collectively as Ross Marine.

ing.[2]   In August 2003, Browder, represented by the Firm, filed an employment suit against Ross Marine (the *Browder* case).   The merits of *Browder* were sent to arbitration.[3]

Ross Marine sought to stay the *Browder* arbitration pending resolution of its request for an injunction preventing the Firm from representing Browder because, Ross Marine claimed, the Firm had a disqualifying conflict of interest.   In the *Browder* case, the circuit court issued an order denying Ross Marine's request to enjoin the Firm from representing Browder, holding, among other things, that:

1) Ross Marine has failed to offer any proof that the [Firm] ... represented Ross Marine in matters related to Mr. Browder's termination or other claims detailed in the *Browder* complaint;

2) Ross Marine has failed to offer any proof that any of the attorneys of the firm will be called on to use any information acquired in the previous representation to the detriment of Ross Marine, or that the attorneys ever acquired any information in the previous representation that could be used adversely to the interests of Ross Marine or any of the other defendants or for the benefit of Browder in the instant case;

3) I find that Ross Marine has failed to establish that they will suffer irreparable harm if the case moves forward and the [Firm] continues to represent plaintiff David Browder.   By review of the entire record, I note that Ross Marine has had the ample time of approximately a year from the filing of this case to the present to fully develop their conflict position and submit the same for the Court's review and consideration, I find that Ross Marine has failed to establish a likelihood of success on the merits of their conflict allegations;

4) I find the defendants have failed to offer any proof that attorney Query is likely to be a material witness in the instant case;

---

**2.**   The filing of the workers compensation claim preceded the formation of the LLC.

**3.**   It appears that the arbitration has not yet taken place.

5) I conclude that the [Firm] and their members did not breach or violate Rule 407, SCACR, Rules 1.7 and 1.9 of the South Carolina Rules of Professional Conduct.

Ross Marine appealed this order to the Court of Appeals.

The Court of Appeals heard the *Browder* appeal in November 2005 and affirmed the circuit court order in an unpublished opinion filed in December 2005. *Browder v. Ross Marine*, Op. No. 2005–UP–613 (S.C. Ct.App. filed December 8, 2005). This Court denied certiorari in March 2007.

While the *Browder* case was pending in circuit court, four of the six *Browder* defendants filed this suit against the Firm, styling it as a request for injunctive and declaratory relief as well as for negligence,[4] seeking: a stay of the *Browder* arbitration;[5] an injunction disqualifying the Firm from representing Browder in the *Browder* case; a declaration that there is a disqualifying conflict; damages; and attorneys fees. The circuit court dismissed the suit both on the merits, i.e. that there is no conflict of interest, and because the same issue was pending in the *Browder* case,[6] denied any further discovery, and awarded the Firm costs. On reconsideration, the special circuit judge reiterated that he was dismissing both the declaratory judgment action and the negligence action for a failure of proof, but deleted the requirement that Ross Marine pay costs.[7] Ross Marine then appealed.

This appeal was filed after the Court of Appeals had decided the *Browder* appeal, but while certiorari was pending in this Court. The Court of Appeals held the present appeal in abeyance pending this Court's disposition of the *Browder* certiorari request. After certiorari was denied, the Court of Appeals issued an order permitting the disposition of the

---

4. The negligence claim is predicated on the Firm's alleged breach of its duty to Ross Marine not to engage in representation where there is a conflict of interest.

5. Note that Browder is not a party to the *Ross Marine* suit.

6. *Browder* was on appeal when the *Ross Marine* order was filed.

7. In light of the language used in the order on rehearing, the ruling below is best viewed as one granting summary judgment since the special circuit judge considered matters outside the pleadings in holding there was no evidence of any conflict.

*Browder* appeal and certiorari to be briefed in this appeal, which was subsequently transferred to this Court.

## ISSUE/ANALYSIS

The issue in this suit is whether the Firm has a disqualifying conflict of interest, which is the same question litigated in the *Browder* appeal. As the *Browder* appeal has been concluded, we affirm the dismissal of this suit on the basis of collateral estoppel. *See* Rule 220(c), SCACR (court can affirm on any ground appearing in the record). "When an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim." *Zurcher v. Bilton, supra.* Here, the claims are identical: that the Firm has a conflict of interest such that it cannot represent Browder in his employment suit against Ross Marine.

Furthermore, collateral estoppel should not be invoked unless the party was afforded a full and fair opportunity to litigate the issue in the first case. *Zurcher, supra.* In the *Browder* order, the circuit court judge held that "Ross Marine has had the ample time of approximately a year from the filing of this case until the present to fully develop their conflict position. . . ." On appeal, appellants did not challenge that finding, and it is too late to allege now that they were not afforded a full and fair opportunity to litigate the conflict claim in the *Browder* case.

## CONCLUSION

The issue raised here and in *Browder* is identical, and Ross Marine had a full and fair opportunity to litigate it in *Browder.* Accordingly, collateral estoppel bars this suit. *Zurcher v. Bilton, supra.* The circuit court order is

**AFFIRMED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.