387 S.C. 323 (2010)
692 S.E.2d 541
In the Interest of M.B.H., A Minor Under the Age of Seventeen, Appellant.
No. 26806.
Supreme Court of South Carolina.
Heard February 17, 2010.
Decided April 19, 2010.
*325 Donald Bruce Clark, of Charleston and Jessie J. Glenn, of N. Charleston, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General William M. Blitch, Jr., of Columbia, for Respondent.
Chief Justice TOAL:
M.B.H. (Appellant), a minor, pled guilty to two counts of assault and battery of a high and aggravated nature (ABHAN). The family court ordered him committed to the Department of Juvenile Justice (DJJ) suspended upon probation, and required him to register as a sex offender. Appellant appealed the requirement that he register as a sex offender. We certified the appeal pursuant to Rule 204(b), SCACR and affirm.

FACTUAL/PROCEDURAL BACKGROUND
In 2007, four juvenile petitions were filed against Appellant, alleging lewd acts with a minor, assault with intent to commit sexual battery, and sexual battery. At issue were several instances of sexual contact Appellant, who was fourteen years old at the time of the incidents, had with both a ten year old boy and a twelve year old boy.[1] Appellant admitted delinquency to two amended charges of ABHAN, and all other charges were dismissed.
At the hearing when Appellant admitted to the two charges of ABHAN, the solicitor recommended to the judge that Appellant undergo an inpatient evaluation and be placed on the private sex offender registry.[2] The judge agreed that an *326 inpatient evaluation was warranted, but retained jurisdiction to render a final disposition regarding the registry after Appellant completed the inpatient evaluation and the report was available to the parties and the court. The inpatient sex offender evaluation was ordered to determine his risk of re-offending and what treatment measures were necessary.
After the evaluation, Appellant appeared for the dispositional hearing. After hearing arguments from both the solicitor and Appellant's counsel, and statements from concerned individuals, Appellant was committed to DJJ, suspended on probation. As a condition of his probation, he was ordered to undergo inpatient sexual offender treatment at the Coastal Evaluation Center (the Center), as recommended in the Center's psychosocial evaluation report. Additionally, the judge ordered Appellant to be placed on the private sex offender registry.
At the hearing and in his order denying Appellant's motion to alter or amend the order of probation, the judge enumerated the issues identified in the Center's report that constitute good cause for requiring Appellant to register, including: multiple offenses; multiple younger, same-sex victims; a sense of victimization; denial of harm to others; borderline intellectual functioning; and the Center's recommendation that Appellant receive inpatient sexual offender treatment.

STANDARD OF REVIEW
A trial judge has broad discretion in sentencing within statutory limits. Brooks v. State, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997). A judge must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant. State v. Hicks, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct.App.2008). A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support. State v. Rice, 375 S.C. 302, 315, 652 S.E.2d 409, 415 (Ct.App.2007).

LAW/ANALYSIS
Appellant argues that the judge improperly ordered him to register as a sex offender because the evidence failed to support a finding of good cause. We disagree.
*327 As Appellant notes, good cause is not defined in the statute, nor has it been defined previously by this Court. Appellant urges that without a given definition the judge could not have articulated properly a basis for placing Appellant on the registry. However, we hold that a finding of good cause in this context means only that the judge must consider the facts and circumstances of the case to make the determination of whether or not the evidence indicates a risk to reoffend sexually. Such a determination is a matter of the judge's discretion.
At the dispositional hearing, the solicitor introduced the Center's evaluation report to support the request for Appellant to be placed on the private sex offender registry. The judge relied on the professional findings and recommendations in that report in concluding good cause existed for placing Appellant on the registry. The record is clear that the judge considered all the facts and circumstances of this case, both aggravating and mitigating, in determining that there is a risk of sexual reoffense. Such a determination is supported by the evidence in the record.
Accordingly, we hold the judge did not abuse his discretion in ordering Appellant to be placed on the private sex offender registry.

CONCLUSION
For the foregoing reasons, we affirm the family court's requirement that Appellant be placed on the registry.
PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.
NOTES
[1] Appellant was friends with the two boys. On two separate occasions, Appellant entered a bathroom stall with one of the boys and attempted to get the boy to touch Appellant's penis. Twice, Appellant showed the younger boys pornographic videos while he openly masturbated in the same room. After one such incident, Appellant performed oral-sex on the older of the two boys. During the second incident, Appellant pushed the older boy onto a bed and unsuccessfully tried to have anal sex with him.
[2] Information on the private registry is not available to the general public, but only to certain individuals, organizations, and businesses. See S.C.Code Ann. § 23-3-490(D)(2) (2007).