**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Lillian Horne, Appellant,

v.

Robert Coleman d/b/a/ Coleman's Construction, Keith W. Yow, Tammy Faye Whisenant, Brandy W. McBee, Clerk of Court, Cherokee County Clerk of Court, Defendants, Of Whom Keith W. Yow and Tammy Faye Whisenant are Respondents.

Appellate Case No. 2010-166630

---

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-540
Heard September 11, 2012 – Filed October 3, 2012

---

**AFFIRMED**

---

David Charles Alford, of David C. Alford, PC, of Spartanburg, for Appellant.

Sarah Upchurch Shiflett, of Sarah Upchurch Shiflett, of Gaffney, for Respondents.

---

**PER CURIAM:**  Lillian Horne appeals the trial court's determination that (1) the deed to her former property was valid and (2) the homestead exemption was not applicable in this case.  On appeal, Horne argues she has a constitutional right to the homestead exemption, which voids the deed, thereby requiring the judicial sale of her property to have accounted for the homestead exemption.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the trial court erred in failing to void the deed in favor of Horne's constitutional right to a homestead exemption: *Zurcher v. Bilton*, 379 S.C. 132, 135, 666 S.E.2d 224, 226 (2008) ("Under the doctrine of collateral estoppel, also known as issue preclusion, when an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim."); *Hilton Head Ctr. of S.C., Inc. v. Public Serv. Comm'n*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987) (holding a final judgment on the merits in a prior action will preclude the parties from re-litigating any claims actually litigated or those that might have been litigated in the first action).

2. As to whether the trial court erred in failing to address whether the parties to the judicial sale had notice of the homestead exemption: *State v. Jones*, 344 S.C. 48, 58, 543 S.E.2d 541, 546 (2001) (holding an issue is deemed abandoned if the argument in the brief is not supported by authority); *Summer v. Carpenter*, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (finding when an issue presented to the trial court is not explicitly ruled on in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appeal).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**