**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timothy James Wright, Appellant.

Appellate Case No. 2015-000636

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-448
Heard October 4, 2017 – Filed December 6, 2017

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek and
Kristy Grafton Goldberg, of Law Office of Kristy
Goldberg, LLC, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Assistant
Attorney General Alphonso Simon, Jr., of Columbia; and
Solicitor Scarlett Anne Wilson, of Charleston; all for
Respondent.

———————

**PER CURIAM:** Timothy James Wright appeals his sentences for murder and possession of a weapon during a violent crime, arguing the trial court erred in considering information during the sentencing hearing that was obtained from prior unrelated incident reports regarding crimes for which he was not convicted. At his sentencing hearing, Wright initially argued the trial court could not consider the incident reports. However, Wright later conceded he was not requesting that the trial court refrain from considering the incident reports but instead requesting the trial court "temper [its] consideration" of the incident reports. Therefore, Wright waived any objection to the trial court's consideration of the prior incident reports. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A sentence will not be overturned absent an abuse of discretion . . . ."); *State v. Bryant*, 372 S.C. 305, 315–16, 642 S.E.2d 582, 588 (2007) (explaining an issue conceded at trial cannot be argued on appeal); *State v. Mitchell*, 330 S.C. 189, 195, 498 S.E.2d 642, 645 (1998) (holding appellant waived an issue for appellate review because he acquiesced to the trial court's ruling).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**