**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Interest of Brandon P., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2018-000418

---

Appeal From Oconee County
David E. Phillips, Family Court Judge

---

Unpublished Opinion No. 2020-UP-137
Submitted April 1, 2020 – Filed May 20, 2020

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, for Respondent.

---

**PER CURIAM:** Brandon P. appeals the sentencing court's order requiring him to register as a sex offender on the private sex offender registry (the Registry). On appeal, he argues the sentencing court abused its discretion by finding good cause supported requiring him to register as a sex offender and failing to make specific findings as to good cause. Because the sentencing court reviewed Brandon P.'s

community psychology evaluation and psychosexual assessment (the Evaluation)[1]; heard from Brandon P.'s attorney, Brandon P.'s mother, the State, the Department of Juvenile Justice, and the minor victim's father; and stated it considered "all pertinent factors" in requiring Brandon P. to register as a sex offender, we find the sentencing court did not abuse its discretion and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [sentencing court] has broad discretion in sentencing within statutory limits."); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 23-3-430(D) (2007) ("Upon . . . adjudication of delinquency, guilty plea, or plea of nolo contendere of a person of an offense not listed in this article, the [sentencing court] may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the solicitor."); *In re M.B.H.* 387, S.C. at 326, 692 S.E.2d at 542 ("A [sentencing court] must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant."); *id.* at 327, 692 S.E.2d at 542 ("[A] finding of good cause . . . means only that the [sentencing court] must consider the facts and circumstances of the case to make the determination of whether or not the evidence indicates a risk to reoffend sexually. Such a determination is a matter of the [sentencing court's] discretion.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] The Evaluation detailed Brandon P.'s lengthy medical history and listed prior incidents in which Brandon P. sexually assaulted his youngest brother on several occasions, for which he was found delinquent of second-degree assault and battery. We acknowledge the psychologist who completed the Evaluation did not believe Brandon P. should be placed on the Registry at the time "[b]ased strictly on [Brandon P.'s] likelihood of [reoffending]"; however, the same psychologist stated: "Although Brandon [P.] appear[ed] to have learned from . . . treatment, it [wa]s unlikely that the concepts have been internalized, as he [did] not feel that it necessarily applie[d] to him."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.