**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lawrence Laverne Kelley, Jr., Appellant.

Appellate Case No. 2018-000364

———————————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-154
Submitted April 1, 2020 – Filed May 27, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua A. Edwards, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————————

**PER CURIAM:** Lawrence Laverne Kelley, Jr. appeals the trial court's order requiring him to register as a sex offender on the Sex Offender Registry. On appeal, Kelley asserts the trial court erred in finding good cause to require he

register because the State's doctor relied on unreliable data and his doctor recommended he not be required to register.  Because the trial court considered two doctors' evaluations and multiple incident reports involving the alleged abuse, we find the trial court did not abuse its discretion in ordering Kelley to register.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [trial court] has broad discretion in sentencing within statutory limits."); *id.* ("A [trial court] must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant."); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 23-3-430 (2007) ("Upon . . . guilty plea . . . the [trial court] may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the solicitor."); *In re M.B.H.*, 387 S.C. at 327, 692 S.E.2d at 542 ("[A] finding of good cause . . . means only that the [trial court] must consider the facts and circumstances of the case to make the determination of whether or not the evidence indicates a risk to reoffend sexually.  Such a determination is a matter of the [trial court's] discretion.").[1]

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur**

---

[1] To the extent Kelley argues this court should reweigh the evidence and rely more heavily on one doctor's evaluation than the other because the State's doctor allegedly relied on unreliable data, we decline to do so.  *See State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[T]he abuse of discretion standard of review does not allow this court to reweigh the evidence or second-guess the trial court's assessment of witness credibility.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.