**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Louis Neal Reville, Appellant.

Appellate Case No. 2019-000957

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-393
Submitted October 1, 2021 – Filed November 3, 2021

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor David M. Pascoe, Jr., of
Orangeburg, all for Respondent.

———————

**PER CURIAM:** Louis Neal Reville appeals his cumulative sentencing of fifty years' imprisonment following his guilty pleas to twenty-two offenses including one count of first-degree criminal sexual conduct (CSC) with a minor, seven

counts of second-degree CSC with a minor, seven counts of lewd act upon a child, three counts of criminal solicitation of a minor, and four counts of disseminating obscene material to a minor. On appeal, Reville argues the plea court abused its discretion in imposing the cumulative fifty-year sentence. Because the plea court imposed Reville's sentence within the statutory range and the sentence is supported by the facts of this case, the plea court did not abuse its discretion. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [plea court] has broad discretion in sentencing within statutory limits."); *id.* (holding a sentence will not be overturned absent an abuse of discretion and explaining an abuse of discretion occurs "when the ruling is based on an error of law or a factual conclusion without evidentiary support"); *State v. Barton*, 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct. App. 1997) ("Absent partiality, prejudice, oppression, or corrupt motive, this [c]ourt lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute."); S.C. Code Ann. § 16-3-655(D)(1) (Supp. 2012) ("A person convicted of [first-degree CSC with a minor] is guilty of a felony and, upon conviction, must be imprisoned for a mandatory minimum of twenty-five years, no part of which may be suspended nor probation granted, or must be imprisoned for life."); S.C. Code Ann. § 16-3-655(D)(3) (Supp. 2012) ("A person convicted of [second-degree CSC with a minor] is guilty of a felony and, upon conviction, must be imprisoned for not more than twenty years in the discretion of the court."); S.C. Code Ann. § 16-15-345 (Supp. 2012) (mandating a person convicted of disseminating obscene material to a person under the age of eighteen "must be imprisoned for not more than ten years"); S.C. Code Ann. § 16-15-342(E) (Supp. 2012) ("A person who [commits criminal solicitation of a minor] is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned for not more than ten years, or both."); S.C. Code Ann. § 16-15-140 (2003) (mandating a person convicted of committing or attempting a lewd act upon a child under the age of sixteen "must be fined in the discretion of the court or imprisoned not more than fifteen years, or both").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.