# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Carl Ray Fraley, Appellant.

Appellate Case No. 2019-001296

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————————

Opinion No. 5924
Heard June 9, 2022 – Filed July 20, 2022

———————————

## AFFIRMED

———————————

Stanley T. Case, of Butler Means Evins & Browne, PA,
and Richard W. Vieth, of Henderson Brandt & Vieth,
PA, both of Spartanburg, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia, for Respondent.

———————————

**HEWITT, J.:** Carl Ray Fraley was accused of four sex crimes but pled guilty to
first-degree assault and battery under *North Carolina v. Alford*, 400 U.S. 25 (1970).
Part of his sentence included evaluation for whether he should register as a sex
offender. The circuit court ordered registration. Fraley argues the court erred and
claims the court's factual findings lack evidentiary support.

Our standard of review is abuse of discretion. *See In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) (reviewing registration under this standard).

Fraley first argues that there is no risk he will reoffend because he did not commit a sex crime in the first place. He relies on the fact that he pled guilty under *Alford*.

While *Alford* affords defendants the right to plead guilty when they cannot or will not admit their guilt, a guilty plea entered pursuant to *Alford* carries the same effect as a "regular" guilty plea or a guilty verdict. *See Alford*, 400 U.S. at 37 ("[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual . . . may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *Zurcher v. Bilton*, 379 S.C. 132, 136, 666 S.E.2d 224, 227 (2008) ("[S]o long as a factual basis exists for a plea, the Constitution does not bar sentencing a defendant who makes a calculated choice to accept a beneficial plea arrangement rather than face overwhelming evidence of guilt."); *id*. at 137, 666 S.E.2d at 227 ("[T]he entry of an *Alford* plea at a criminal proceeding has the same preclusive effect as a standard guilty plea."). Had Fraley been sued in civil court over the facts stated in his assault and battery indictment, the court would have given his *Alford* plea preclusive effect at summary judgment.

We must respectfully disagree with the argument that the court abused its discretion by considering the fact that Fraley pled guilty to crimes of a sexual nature, even when Fraley pled guilty under *Alford*. We note that the assault and battery indictment clearly delineated the sexual nature of the allegations and charged Fraley with "nonconsensual touching of the private parts either under or above clothing, with lewd and lascivious intent."

Fraley's second argument is that the State did not show "good cause" for ordering him to register as a sex offender. *See* S.C. Code Ann. § 23-3-430(D) (2007) (providing that when a person pleads guilty of an offense not listed in the statute, such as first-degree assault and battery, the plea court "may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the solicitor"). Our supreme court has determined good cause under the statute "means only that the judge must consider the facts and circumstances of the case to make the determination of whether or not the evidence indicates a risk to reoffend sexually." *In re M.B.H.*, 387 S.C. at 327, 692 S.E.2d at 542.

Dueling experts testified for and against requiring Fraley to register.  The State's evaluator, Dr. Lee, ultimately concluded that the court should require Fraley to register if the court was of the opinion that the original allegations made against Fraley were true.  Fraley's expert, Dr. Gunter, saw no definitive data supporting that Fraley committed a sexual offense and believed the allegations brought by the alleged victim had serious credibility issues.

We may or may not have come to the same conclusions as the plea court, but we do not see how we could say the court abused its discretion.  In the written order denying reconsideration, the court explained that it considered all of the facts and circumstances of the case, and there is undoubtedly some evidence supporting the court's bottom-line conclusion that there was "good cause" for Fraley to register.  *See In re M.B.H.*, 387 S.C. at 327, 692 S.E.2d at 542 ("The judge relied on the professional findings and recommendations in [the appellant's psychosocial] report in concluding good cause existed for placing Appellant on the registry."); *id.* at 327, 692 S.E.2d at 542-43 ("The record is clear that the judge considered all the facts and circumstances of this case, both aggravating and mitigating, in determining that there is a risk of sexual reoffense.").  While Dr. Lee did not give an unequivocal recommendation that Fraley should register, she *did* recommend requiring registration if the court believed the allegations against Fraley were true.  We are not aware of any authority saying the court should discount such an opinion or that the court abuses its discretion if it relies on such an opinion, acknowledges the defendant pled guilty, and orders registration.

We see this case as different from *In re Christopher H.*, a recent case where this court reversed an order requiring registration as a sex offender.  432 S.C. 600, 607, 854 S.E.2d 853, 856 (Ct. App. 2021) (finding that because the *only* evidence of risk indicated a low risk and the evidence overwhelmingly indicated registration was not appropriate, the sentencing court abused its discretion in ordering registration).  Here, Dr. Lee cited certain factors as indicating a diagnosable sex-related disorder and noted other factors as counseling against registration.  She ultimately opined that registration should be required if Fraley was guilty of the allegations against him because that was clear proof of a diagnosable sex-related disorder.  We do not think the court gave the State a pass on the burden to show "good cause."  If the burden proved lighter here, it was because Fraley's guilt was a key fact, and Fraley had already pled guilty.

**CONCLUSION**

The plea court did not abuse its discretion in requiring Fraley to register. Fraley's sentence is

**AFFIRMED.**

**THOMAS and MCDONALD, JJ., concur.**