**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Viron Lewis Garrett, Appellant.

Appellate Case No. 2020-001183

———————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-088
Submitted January 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Barry Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:**  David Viron Lewis Garrett appeals his concurrent sentences of forty-five years' imprisonment for murder and twenty years' imprisonment for first-degree burglary.  On appeal, Garrett argues the sentencing court abused its discretion by admitting over one hundred full-color autopsy photographs of the decedent.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Shuler*, 353 S.C. 176, 184, 577 S.E.2d 438, 442 (2003) ("The relevance, materiality, and admissibility of evidence are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Quinn*, 430 S.C. 115, 125, 843 S.E.2d 355, 360 (2020) ("Generally, a sentencing [court] has great discretion in the kind of evidence [it] may use to assist [it] in determining the punishment to be imposed."); *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [court] must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant."); *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 229 (2010) (holding "that autopsy photographs may be presented to the [factfinder] in an effort to show the circumstances of the crime and character of the defendant"); *State v. Haselden*, 353 S.C. 190, 199-200, 577 S.E.2d 445, 450 (2003) ("[N]otwithstanding the sometime gory nature of autopsy photographs, they are nonetheless admissible where they reveal the true nature of the attack . . . ."); *State v. Kelley*, 319 S.C. 173, 178, 460 S.E.2d 368, 370-71 (1995) ("To constitute unfair prejudice, the photographs must create a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Alexander*, 303 S.C. 377, 401 S.E.2d 146 (1991))); *Haselden*, 353 S.C. at 199, 577 S.E.2d at 450 ("[I]n the sentencing phase, the scope of the probative value of such photos is much broader than at the guilt or innocence phase.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.