**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Aaron Mckenzie Capers, Appellant.

Appellate Case No. 2019-000511

---

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-176
Submitted May 8, 2024 – Filed May 22, 2024

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

---

**PER CURIAM:** Aaron Mckenzie Capers appeals his convictions for first-degree
burglary, first-degree criminal sexual conduct (CSC), kidnapping, armed robbery,
and possession of a weapon during the commission of a violent offense and

aggregate sentence of eighty years' imprisonment.  On appeal, Capers argues the trial court abused its discretion by denying his motion for reconsideration of his sentence on three grounds.  First, he argues the sentence imposed was not consistent with the articulated intent of the trial court to provide him a chance to serve his sentence and be released from prison.  Second, he contends the sentence imposed was not consistent with the articulated intent of the trial court especially in light of his statistical life expectancy.  Finally, he argues the trial court, when sentencing, improperly considered unconvicted conduct.  We affirm pursuant to Rule 220(b), SCACR.

As to Capers's first issue, that the trial court abused its discretion by imposing a sentence that was not consistent with its articulated intent to provide Capers a chance to serve his sentence and be released from prison, we hold the trial court did not abuse its discretion.  The trial court was not inconsistent with its stated intent.  The trial court stated it was not going to impose a sentence of life imprisonment, and it did not.  Notwithstanding the trial court's decision not to impose life imprisonment, the record reflects the trial court intended to sentence Capers to a lengthy sentence—fifty years' imprisonment for first-degree burglary; thirty years' imprisonment for first-degree CSC, to run consecutive to the burglary sentence; and concurrent sentences of thirty years' imprisonment for both kidnapping and armed robbery and five years' imprisonment on the weapons charge.  The sentences are supported by the evidence and within the statutory limits.  Accordingly, we hold the trial court did not abuse its discretion.  *See In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [sentencing court] has broad discretion in sentencing within statutory limits."); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 16-11-311(B) (2015) ("Burglary in the first degree is a felony punishable by life imprisonment.  For purposes of this section, 'life' means until death.  The court, in its discretion, may sentence the defendant to a term of not less than fifteen years."); S.C. Code Ann. § 16-3-652(2) (2015) ("Criminal sexual conduct in the first degree is a felony punishable by imprisonment for not more than thirty years, according to the discretion of the court."); S.C. Code Ann. § 16-11-330(A) (2015) (providing a person found guilty of armed robbery "must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years"); S.C. Code Ann. § 16-3-910 (2015) (providing a person found guilty of kidnapping "must be imprisoned for a period not to exceed thirty years unless sentenced for murder"); S.C. Code Ann. § 16-23-490(A) (2015) (providing a defendant who is convicted of possession of a weapon during the commission of a violent crime faces a

mandatory five-year sentence "in addition to the punishment provided for the principal crime").

As to Capers's remaining two issues, we hold they are not preserved for appellate review because they were not raised to nor ruled upon by the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.