**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Orian Gregory, Appellant.

Appellate Case No. 2024-000072

---

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-386
Submitted November 20, 2025 – Filed November 26, 2025

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brian Hollis Gibbs, both of Columbia, for Respondent.

---

**PER CURIAM:** James Orian Gregory appeals the trial court's sentence requiring him to register as a sex offender. On appeal, Gregory argues the trial court abused its discretion by requiring him to register as a sex offender because the State failed

to establish good cause as required to impose registry. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in requiring Gregory to register as a sex offender because the record supports that the State made a showing of good cause for imposing registry. *See State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."); *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 23-3-430(D) (2025) (explaining the trial court "may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the prosecution"); *In re M.B.H.*, 387 S.C. at 327, 692 S.E.2d at 542 (holding "a finding of good cause in this context means only that the judge must consider the facts and circumstances of the case to make the determination of whether or not the evidence indicates a risk to reoffend sexually"); *id.* ("Such a determination is a matter of the judge's discretion.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.